# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALBERT G. ABENA, D.D.S.,**

        **Plaintiff,**

**v.**                                                   **Case No. 06-C-495**

**METROPOLITAN LIFE INSURANCE COMPANY
and AMERICAN DENTAL PARTNERS, INC.,**

        **Defendants.**

## DECISION AND ORDER

This matter comes before the Court on the defendants' motion for summary judgment. For the following reasons, the motion is granted and the case is dismissed.

### BACKGROUND

The plaintiff, Albert G. Abena, D.D.S. ("Abena"), worked as a dentist for American Dental Partners, Inc. ("American Dental") from 1993 to December 2000. American Dental sponsored a long term disability plan (the "Plan") for its employees. Metropolitan Life Insurance Company ("MetLife") is the administrator and fiduciary of the Plan, which means that it has the authority to interpret provisions of the Plan and determine eligibility for and entitlement to benefits.

The Plan provides continuous disability payments for 90 days when an employee cannot work due to an alleged disability. The 90 day period is deemed the "Elimination Period." After the Elimination Period, a claimant has 3 months to file written proof of disability. The Plan also provides that "no legal action of any kind may be filed . . . more than three years after proof of Disability must be filed."

On October 23, 2000, Abena submitted written proof of disability to American Dental as part of his claim for long term disability benefits. Abena alleged that he suffered from pain, numbness, and twitching that developed in both his hands and arms. On March 1, 2001, MetLife approved Abena's claim and notified Abena that he would receive over $40,000.00 retroactive to August 15, 2000, and that he would subsequently receive $6,000.00 per month in disability payments.

Shortly thereafter, in August 2001, MetLife discovered that Abena was appointed director of the dental clinic at Marquette University. His position as director entailed providing direct patient care and student supervision. After discovering that Abena was again gainfully employed in a similar line of work, MetLife informed Abena that it would review his continued eligibility for benefits. As part of that review, MetLife obtained three days of surveillance video showing Abena engaged in a variety of daily activities and tasks without any apparent limitations or problems. In addition, MetLife had a doctor review Abena's physical condition, and the doctor reported that Abena had no physical impairment that would preclude him from performing his job as a dentist.

After this review process, MetLife notified Abena on August 8, 2002, that he no longer met the definition of disability under the Plan. Abena appealed MetLife's determination, and on April 16, 2003, MetLife upheld its decision.

On April 17, 2006, Abena filed suit in this Court alleging that MetLife and American Dental violated the Employee Retirement Income Security Act ("ERISA"). The defendants argue in support of its motion for summary judgment that the suit is untimely filed and must be dismissed.

**DISCUSSION**

Under the terms of the Plan, a participant must file a lawsuit no later than three years from the time written proof of disability is required to be filed. The Plan requires written proof of disability to be filed no later than 3 months after the end of the Elimination Period. Abena's Elimination Period ended on August 15, 2000, so he had until November 15, 2000 to submit his proof of disability. Abena had to file this lawsuit, therefore, by November 15, 2003. Instead, he initiated his suit much later, on April 17, 2006.

Abena argues that the Court should not apply the limitations provision of the Plan, suggesting instead that the six year Wisconsin statute of limitation for contract claims is the more appropriate limitation period. However, it is well established that a contractual limitation period is enforceable, so long as it is reasonable. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874 (7th Cir. 1997).

The Seventh Circuit faced a nearly identical situation in *Doe*, where an ERISA plan also required a claimant to commence his lawsuit within three years after submitting proof of disability. The court held that the limitation period was reasonable because even though the internal review process was protracted, the plaintiff still had another 17 months to file his claim after the internal appeals process ended. *Id*. at 875. The court reasoned that a suit under ERISA, because it necessarily follows an internal appeals process, is like an appeal. *Id*. In federal court, an appeal must be filed within either 10, 30, or 60 days after the issuance of the judgment, depending on the nature of the litigation. *Id*. (citing Fed. R. App. P. 4). Thus, the Seventh Circuit held there was "no doubt" that the contractual limitation was reasonable because it allowed the plaintiff 17 months to file the ERISA action, which is well over the typical time allowed to file an appeal. *Doe*, 112 F.3d at 875.

Like the plaintiff in *Doe*, Abena also had much more time than the typical period allowed to file an appeal. He had 7 months after the internal appeal process to file his ERISA action. The internal appeal process ended on April 16, 2003, and his deadline for filing this suit was November 15, 2003. The limitation period was clearly reasonable, therefore, and Abena's complaint is dismissed as untimely filed.[1]

---

[1] The Defendants also filed a motion to strike, but it pertained to evidence that does not affect the timeliness question. Thus, the motion to strike is denied as moot.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' Motion for Summary Judgment (Docket No. 19) is **GRANTED**.

The Defendants' Motion to Strike (Docket No. 31) is **DENIED**, as moot.

The clerk is directed to close this case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of May, 2007.

                                          **BY THE COURT**

                                          s/ Rudolph T. Randa
                                          **Hon. Rudolph T. Randa**
                                          **Chief Judge**